**In re COMSTAT CONSULTING SERVICES LTD., a Canadian Corporation, Debtor.**

Bankruptcy No. 80-110-B.

United States Bankruptcy Court, S. D. Florida.

March 19, 1981.

Agnus J. Campbell, West Palm Beach, Fla., for debtors.

Andrew Coutant, Stuart, Fla., for mortgage/defendant.

### ORDER AUTHORIZING CASE ANCILLARY TO FOREIGN PROCEEDING

THOMAS C. BRITTON, Bankruptcy Judge.

Clarkson Company, Ltd., a trustee presently serving in a Canadian bankruptcy pro-

ceeding seeks leave to file an adversary proceeding in this court to void a second mortgage encumbering a condominium owned by the Canadian trustee. The condominium is in Martin County, Florida. Notice has been given to the second mortgagee. The parties were heard on March 17, 1981.

The application is granted as authorized by 11 U.S.C. § 304(b).

The petitioner is directed to file an adversary complaint in this court within seven days seeking the relief it wishes. The second mortgagee, Dr. Charlotte Schliewen, who will be the defendant in that adversary complaint, shall answer the complaint not later than March 30. The complaint will be tried on March 31, 1981 at 10:00 a. m. in Room 329, 701 Clematis Street, West Palm Beach, Florida. The parties have agreed before me that the foregoing timetable is reasonable and adequate.

The Canadian trustee has requested that this court:

"... determine whether United States or Canadian law should apply to the transaction in question....". (C.P. No. 5).

The parties were heard on this application. Only one specific question is presently presented.

The Canadian bankruptcy commenced on April 28, 1980 by the filing of an "assignment for general benefit of creditors." The ancillary proceeding in this court began on November 7, 1980 by the filing of the Canadian trustee's "petition" under § 304.

Both parties agree that 11 U.S.C. § 547 is applicable and controlling. A transfer made "within 90 days before the date of the filing of the *petition*" is voidable under the provisions of 11 U.S.C. § 547(b)(4)(A).

The immediate issue is whether the "petition" identified in § 547(b)(4)(A) is the petition filed under § 304 or the document that initiated the Canadian bankruptcy.

The Code, § 101, provides:

"In this title ... (31) 'petition' means petition filed under section 301, 302, 303, or 304 of this title, as the case may be, commencing a case under this title; ...".

It is clear to me, therefore, that the "petition" specified in § 547 is the petition filed in this court under § 304. That petition in this case was filed on November 7, 1980.

It is neither necessary nor appropriate for this court to anticipate any further issues of fact or law at this stage of the proceeding.