**In re A. TARRICONE, INC., Debtor.**

**Bankruptcy No. 86 B 20573.**

United States Bankruptcy Court, S.D. New York.

Oct. 14, 1987.

Hughes Hubbard & Reed, New York City (Sandor E. Schick, of counsel), for trustee.

Proskauer Rose Goetz & Mendelsohn, New York City (Michael Foreman, of counsel), for debtor.

## DECISION ON MOTION FOR RELIEF FROM AUTOMATIC STAY

HOWARD SCHWARTZBERG, Bankruptcy Judge.

Friedrich–Wilhelm Metzeler ("Metzeler"), the foreign representative of Uni–Petrol Geselleschaft fuer Mineralolprodukte m.b. H. ("Uni–Petrol"), a West German corporation that is in bankruptcy in West Germany, seeks relief from the automatic stay so that he may prosecute claims now pending in an ancillary proceeding in this court under the aegis of another bankruptcy judge. The debtor in this case, A. Tarricone, Inc. ("ATI"), contests the motion and contends that Metzeler's claims for recovery in the ancillary proceedings are untimely either as a voidable preference or as a fraudulent conveyance and therefor, should be determined by this court in the context of the proof of claim which Metzeler filed in this case.

## FACTS

1. On December 12, 1986, ATI and its affiliated corporations, filed with this court their voluntary petitions for reorganization under Chapter 11 of the Bankruptcy Code. The debtors are continuing in the operation of their petroleum and fuel businesses and the management of their properties as debtors in possession in accordance with 11 U.S.C. §§ 1107 and 1108. Simultaneously with such filings, this court entered an order for joint administration pursuant to Bankruptcy Rule 1015.

2. Uni–Petrol is a limited liability company organized under the laws of the Federal Republic of Germany ("West Germany"), with its principal place of business in Dusseldorf, West Germany. Until its bankruptcy on July 24, 1984, Uni–Petrol was engaged in the oil trading business.

3. On July 24, 1984, a decree was entered in the circuit court for Dusseldorf, West Germany, commencing a bankruptcy proceeding against Uni–Petrol, which is regarded as a "foreign proceeding" under 11 U.S.C. §§ 101(22) and 304 of the Bankruptcy Code. Metzeler was appointed by the West German court on July 24, 1984 as a liquidator of the Uni–Petrol estate. Metzeler is regarded as a "foreign representative" under 11 U.S.C. §§ 101(23) and 304 of the Bankruptcy Code.

4. On July 22, 1985, Metzeler filed with the Bankruptcy Court for the United States District Court for the Southern District of New York his first petition pursuant to 11 U.S.C. § 304 (the "Petition") to commence a case ancillary to a foreign proceeding, namely Uni–Petrol's bankruptcy case pending in West Germany. In September of 1986, Metzeler filed a petition under 11 U.S.C. § 304 in the nature of an adversary proceeding to recover the sum of $131,-741.60, plus interest and costs, from the debtor, ATI, and another entity named Triad Petroleum, Inc., as a preferential or fraudulent transfer made for the benefit of Uni–Petrol.

5. The first claim in the adversary petition against ATI is for the recovery of $131,741.60, plus interest and costs. The other claims against ATI total $66,608.12 for petroleum products sold and delivered by Uni–Petrol to ATI.

6. The adversary petition alleges that the $131,741.60 transfer "was made in July of 1984, within 90 days before the commencement of bankruptcy proceedings against Uni–Petrol, while Uni–Petrol was insolvent, on account of an antecedent debt, and the transfers enabled respondents to receive more than they would receive (i) in a liquidation proceeding under Chapter 7 of the Bankruptcy Code, (ii) if the transfer had not been made, and (iii) if respondents received payment of such debt to the extent provided by the provisions of the Bankruptcy Code." (Petition ¶ 11).

7. Paragraph 12 of the adversary petition states:

The transfer was a fraudulent transfer, in that it was made within one year before the date on which bankruptcy proceedings were commenced against Uni–Petrol and with actual intent to hinder, delay and/or defraud other creditors, as evidenced, inter alia, by the fact that the transfer was made no more than eleven days before Uni–Petrol filed for bankruptcy, at a time when the persons responsible for the transfer knew that Uni–Petrol's liabilities were many times the fair value of its assets and that the imminent commencement of bankruptcy proceedings was certain.

8. Paragraph 13 of the adversary petition states:

In the alternative, the transfer was made on or after July 24, 1984, and was an unauthorized, postpetition transfer of property of Uni–Petrol's estate.

9. Paragraph 15 of the adversary petition states:

Petitioner is entitled to recover from Tarricone the value of the voidable transfer under sections 547, 548 and 550 of the Bankruptcy Code, or in the alternative under sections 549 and 550 of the Bankruptcy Code, since Tarricone was the initial transferee of the transfer.

10. Pursuant to a corrected claim dated August 1, 1987, Metzeler filed a proof of claim against the debtor in this case, ATI,

in the sum of $198,349.72, consisting of a liability of $131,741.60 "for receipt of preferential or fraudulent transfer" and for a "debt of $66,608.12 for petroleum products".

11. Metzeler's adversary proceeding, as it pertains to ATI, has been stayed pursuant to 11 U.S.C. § 362(a).

## DISCUSSION

The ancillary proceeding which the foreign representative in the Uni–Petrol, West Germany, bankruptcy case commenced in this court pursuant to 11 U.S.C. § 304 was designed to administer assets located in this country and to prevent the dismemberment by local creditors of assets located here. *See* H.Rep. No. 95–595, 95th Cong., 1st Sess. 324–325 (1977); S.Rep. No. 95–989, 95th Cong., 2d Sess. 35 (1978), U.S. Code Cong. & Admin.News 1978, p. 5787. In addition to the injunctive relief afforded under 11 U.S.C. § 304(b)(1), a foreign administrator is authorized under 11 U.S.C. § 304(b)(2) to seek a turnover of property of the foreign estate, or the proceeds of such property.

The debtor in this case, ATI, objects to having to defend an adversary proceeding that was commenced against it and another co-defendant by Uni–Petrol's foreign representative before the debtor filed its Chapter 11 petition in this case. The debtor maintains that it cannot be compelled to turnover any property or proceeds to Uni–Petrol's foreign representative because his claim is time-barred. Therefore, the debtor reasons that it should not be required to expend time and effort defending a claim in an ancillary proceeding which cannot succeed and with respect to which the debtor should continue to enjoy the protection afforded by the automatic stay imposed under 11 U.S.C. § 362(a). This position requires that consideration be given to the nature of the relief sought in the adversary proceeding commenced by the foreign representative of Uni–Petrol.

 The language employed in the first claim stated in the adversary petition against the debtor and its co-defendant closely tracks the avoiding powers expressed in 11 U.S.C. §§ 547 and 548 with respect to voidable preferences and fraudulent transfers. Indeed, these sections are expressly referred to and the test for determining a voidable preference is described in the adversary petition as the transferee's receipt of more property than would be received in a liquidation under Chapter 7 of the Bankruptcy Code. Obviously, this is not the test for recovering a voidable preference in West Germany in view of the fact that Chapter 7 does not reach that far. Similarly, fraudulent transfers, as defined under 11 U.S.C. § 548, are not necessarily violations of West German law. No doubt there may be provisions applicable under the law of that country which are similar in nature to 11 U.S.C. §§ 547 and 548. However, the point is that a foreign representative in West Germany would seek to recover property in a foreign bankruptcy proceeding pursuant to the laws of the foreign country and would not attempt to recover property there on the basis of the United States Bankruptcy Code.

Uni–Petrol's foreign representative may not invoke 11 U.S.C. §§ 547 and 548 for the simple reason that he is not a trustee in bankruptcy appointed under the Bankruptcy Code. In a somewhat similar case involving the same foreign representative, Judge Buschman recently ruled that:

> a foreign representative may assert, under § 304, only those avoiding powers vested in him by the law applicable to the foreign estate. Had Congress desired to vest a foreign representative with those domestic powers, it would have said so directly.

*Friedrich–Wilhelm Metzeler, as Trustee in Bankruptcy for Uni–Petrol Gesellschaft fuer Mineralolprodukte m.b.H. a German limited liability company v. Bouchard Transportation Co., Inc.,* 78 B.R. 674, 677 (Bankr.S.D.N.Y.1987).

The fact that Uni–Petrol has no property in this country other than the claim funds allegedly transferred to defendants here does not detract from the foreign representative's right to look to 11 U.S.C. § 304 to recover these funds. A foreign representative may bring a § 304 petition based

on foreign substantive law to recover property located in this country. *Friedrich–Wilhelm Metzeler v. Bouchard Transportation Co., Inc.* at 679.

■ Perhaps in a properly pleaded adversary proceeding, Uni–Petrol's foreign representative might state a case, based on West German law, for the recovery of the amount asserted in its First Claim For Relief against ATI and its co-defendant, Triad Petroleum, Inc. However, Uni–Petrol's foreign representative did not plead West German substantive law. Instead, he predicated his right to recover the sum of $131,-741.60 on the basis of a transfer avoidable under either 11 U.S.C. § 547 as an avoidable preference, or under 11 U.S.C. § 548, as a fraudulent transfer. Even if this court were to disregard the fact that a foreign representative is not a trustee in bankruptcy under the United States Bankruptcy Code, and even if this court were to assume the truth of the allegations in the adversary pleading that ATI's transfers should be governed by §§ 547 and 548 of the Code, the adversary pleading would still be defective on its face. The disputed transfers are alleged to have occurred in July of 1984. This date is plainly beyond the 90–day rule under 11 U.S.C. § 547(b)(4)(A) and the one year limitation expressed in 11 U.S.C. § 548(a), in light of the fact that the § 304 petition against ATI was commenced in September of 1986.

Presumably, Uni–Petrol's foreign representative does not contend that the § 304 petition should be regarded as "the petition" as expressed in 11 U.S.C. § 547(b)(4)(B) and 11 U.S.C. § 548(a), and as held in *In re Egeria Societa per Azioni Di Navigazione,* 26 B.R. 494 (Bankr.E.D. Va.1983) and in *In re Comstat Consulting Services, Ltd.,* 10 B.R. 134 (Bankr.S.D.Fla. 1981); for to do so, would be to admit defeat with respect to a time-barred claim. However, the foreign representative has not pleaded any substantive foreign law which would support his claim. Any effort to replead a cause of action against ATI would encounter the automatic stay restrictions imposed under 11 U.S.C. § 362(a). Accordingly, there is no likelihood for suc-

cess under the pleading as now expressed in Metzeler's adversary petition.

The foreign representative's proof of claim in this case may be shown to be supported by West German law which would allow for a recovery. In any event, Metzeler does not face any pleading problems with regard to his proof of claim nor is he confronted with any automatic stay restrictions in the advancement of his claim in this case. On the other hand, the debtor must either accept the filed claim which is deemed allowed in accordance with 11 U.S. C. § 502(a), or make a timely objection to it pursuant to 11 U.S.C. § 502(b).

Accordingly, in the circumstances of this case, the debtor is entitled to the benefit of the automatic stay, especially with respect to the cause of action in the adversary petition in the § 304 ancillary proceeding which was not properly pleaded and with respect to which the claim against ATI, as expressed in terms of 11 U.S.C. §§ 547 and 548, is not well-founded. The dispute between the parties as to the amount claimed by Metzeler should be determined in the content of Metzeler's proof of claim filed in this case.

## CONCLUSIONS OF LAW

1. This court has jurisdiction of the subject matter and the parties pursuant to 28 U.S.C. §§ 1334 and 157(a). This is a core proceeding in accordance with 28 U.S.C. § 157(b)(2)(B).

2. The motion of Friedrich–Wilhelm Metzeler, as the foreign representative for Uni–Petrol, for relief from the automatic stay pursuant to 11 U.S.C. § 362(d)(1), for cause, is denied in view of the fact that cause for such relief has not been established.

SETTLE ORDER on notice.